UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NADINE A. WALLER,

        Plaintiff,

v.

                                        Case No. 08-10356

FORD MOTOR COMPANY             Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This case pertains to claims by the *pro se* Plaintiff, Nadine A. Waller, who contends that the Defendant - now her former employer, Ford Motor Company ("Ford Motor"), (1) "subjected [her] to disparate treatment with respect to compensation, disability, transfer and discipline" and (2) breached the terms of its collective bargaining agreement with the United Auto Workers, Local 387 ("Union").

On June 29, 2009, Ford Motor filed a motion for summary judgment, contending that there are no genuine issues of a material fact to be resolved in this litigation. On September 10th, Waller submitted her response in opposition to this dispositive motion.

I.

Waller commenced her employment with Ford Motor in 1990. However and over the following five years, she developed a variety of physical and emotional ailments, all of which caused her to take a series of medical and disability leaves of employment. In July 2001, Waller returned to work along with several medical restrictions that had been imposed by her treating

physician which included the following prohibitions: (1) no lifting over ten pounds, (2) no walking or standing for over two hours, (3) no constant bending or twisting, and (4) mandatory employment breaks every two hours.  Ford Motor attempted to accommodate these restrictions by assigning her to various positions within and outside of her job classification as an assembler.  However, Waller was unable to perform the essential job functions of these positions due to her physical limitations.

Waller's tenure at Ford Motor came to an end on February 5, 2003 when her job was terminated because of her threats against a plant nurse and other co-workers.  During the following month (March 2003), Waller expressed her disagreement with this administrative action by Ford Motor when she filed (1) a grievance (through her Union) in March 2003 and (2) a complaint in this Court on March 6, 2003 (*Waller v. Ford Motor Co.*, E.D. Mich. 03-70932).  On April 18, 2003, Waller, acting with the benefit of an attorney, filed a first amended complaint, in which she alleged that Ford Motor had unlawfully terminated her (1) contrary to the provisions of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.) and the Michigan Persons with Disabilities Civil Rights Act (Mich. Comp. Laws § 37.1101, et seq.) by failing to accommodate her physical limitations; (2)  in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e, et seq.) and the Michigan Elliott-Larsen Civil Rights Act (Mich. Comp. Laws § 37.2101, et seq.) when it wrongly subjected her to acts, *inter alia*, of (a) discrimination on the basis of her race and physical disability and (b) retaliation for engaging in protected activities.  On September 7, 2005, the Court granted Ford Motor's motion for summary judgment with respect to all claims with the exception of her breach of contract claim that had been voluntarily abandoned by her and ultimately dismissed.

Approximately two weeks later (September 21, 2005), the Union and Ford Motor reached a resolution of the grievance that Waller had filed in 2003.  In essence, this agreement provided that

Waller would (1) be reinstated with back-pay, (2) sign a twelve-month reinstatement waiver,[1] and (3) submit to a "fitness-for-duty" physical examination and drug screening. According to the terms of the parties' resolution, Waller would be placed on probation for a period of twelve months during which she would be obligated to meet with an Employee Support Services representative on a monthly basis. At the time of the parties' agreement, the Union Constitution contained a thirty day provision which authorized an aggrieved employee - such as Waller - to file an appeal and, thereby, register her expression of disapproval of any pending settlement. The record reveals that Waller did not avail herself of this right of appeal until February 2006 (over four months after the settlement was reached).

When Waller refused to sign the reinstatement waiver, Ford Motor construed her decision as a rejection of the entire settlement and, thus, it refused to reinstate her. Thereafter, Waller filed claims of race discrimination and retaliation with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission wherein she asserted that the insistence by Ford Motor to sign the reinstatement waiver would "void her rights as a union employee." However, both of these government agencies dismissed Waller's claims. Feeling aggrieved, she filed the instant lawsuit.

II.

The Federal Rules of Civil Procedure state that a motion for summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

---

[1] Pursuant to the terms of this settlement agreement, Waller would be precluded for a period of twelve months from filing any grievance that was designed to contest the reasonableness of any administrative employment decision by Ford Motor, including the termination of her job. However, the Union and Ford Motor agreed that Waller would not be precluded from filing a grievance which dealt with "the question of guilt or innocence if she believe[d] she [was] innocent of the charge."

3

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, district courts must construe all reasonable inferences in favor of the non-moving party. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  However, if the moving party has satisfied its burden of showing that there is no genuine issue as to a material fact, the non-moving party cannot merely rest upon the allegations within its pleadings. *See* Fed. R. Civ. P. 56(e). Thereafter, the non-moving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)).  "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III.

Ford Motor maintains that it is entitled to a summary judgment because Waller's claims have already been litigated as a result of the 2003 lawsuit before this Court.  Waller, acting without the benefit of an attorney, proffered a responsive brief which is somewhat difficult to decipher. Notwithstanding, she appears to argue that the issues that are in contention in this pending lawsuit could not have been previously litigated because the grievance procedure had not been completed.

In 1979, the Supreme Court reiterated that a fundamental common-law precept of

adjudication "embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979). A party, who seeks to preclude the relitigation of an issue on the basis of collateral estoppel - also known as "issue preclusion" - must establish the following elements:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) the determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Bies v. Bagley*, 535 F.3d 520, 522 (6th Cir. 2008) (internal citations omitted).

In expressing her opposition to the pending motion for summary judgment, Waller submits that the current lawsuit is based on an alleged violation of the collective bargaining agreement by Ford Motor when, in her opinion, it rendered an administrative decision which was based on her race and physical disability. These are the same claims that she advanced in her 2003 lawsuit in which the Court concluded that Waller had neither established a prima facie case of discrimination due to her disability nor proffered a prima facie case of race discrimination. Moreover, the Court also determined that Waller had failed to proffer a prima facie case of retaliation, pointing to her failure to proffer evidence of (1) any discriminatory acts by Ford Motor on the basis of her race and/or disability and (2) a causal relationship between her protected activity and the assaults which she attributed to her now-former employer.

In this case at bar, Waller has merely repeated the allegations that she submitted in the earlier lawsuit, wherein the determinations by the Court were necessary to the outcome of the

lawsuit. That litigation resulted in a final judgment on the merits in favor of Ford Motor after Waller was afforded a full and fair opportunity to litigate her claims. Thus, the Court declines to entertain these contentions again inasmuch as it has already issued a judgment on the merits with respect to claims of disparate treatment due to her race and/or disability.

Even if Waller's instant causes of action are not barred by issue preclusion, the Court cannot, and will not, consider them because they are barred by the doctrine of res judicata. Res judicata is applicable when the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies[';] (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.

*Golden v. Comm'r*, 548 F.3d 487, 494 (6th Cir. 2008). With respect to the third and fourth elements, the Sixth Circuit Court of Appeals has held that "[w]here the two causes of action arise from the same transaction, or series of transactions, the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Wilson v. Strickland*, 2009 U.S. App. LEXIS 11386 at *7 (6th Cir. 2009) (internal citations omitted).

As mentioned above, Waller's 2003 lawsuit resulted in a judgment on the merits in favor of Ford Motor in which the Court considered many, if not all, of the allegations that Waller has presented in the instant case. Here, Waller, through the complaint in this case, asserts claims of disparate treatment on the basis of her race and disability, which are the same causes of action that were addressed and resolved in the first lawsuit. To the extent that any of the contentions or claims which have been advanced by Waller in this lawsuit were not made in the earlier legal action, she is foreclosed from bringing them now. Thus, the doctrine of res judicata precludes the Court from considering those claims now.

IV.

Turning to Waller's claim of an "intentional violation of union contract law," this cause of action must also be dismissed for the reasons that are set forth below.  The Supreme Court held in 1985 that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [Labor Management Relations Act] § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citations omitted); *see also Bania v. Ford Motor Co.*, 1992 U.S. App. LEXIS 22054 at *3 (6th Cir. Sept. 2, 1992) ("All suits alleging violations of labor contracts must be brought under section 301 [of the Labor Management Relations Act, 29 U.S.C. § 1852] and resolved under federal law."). Moreover, there is a six month statute of limitations for claims that are filed under the Labor Management Relations Act. *Bania*, 1992 U.S. App. LEXIS 22054 at *3 (citing *McCreedy v. Local Union No. 971, UAW,* 809 F.2d 1232, 1236 (6th Cir. 1987) (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983)).  Further, "a claim accrues . . . when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *McCreedy*, 809 F.2d at 1236.  Thus, an employee's claim accrues once the union has determined that it will not seek arbitration. *Id.*

In this case, Waller submits that Ford Motor violated the terms of its contractual obligation with the Union because it wrongfully terminated her while she was on medical leave, thereby (1)

---

[2] 29 U.S.C. § 185(a) states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

implicating the terms of the collective bargaining agreement and (2) falling squarely within the circumstances in *Allis-Chalmers.* Her grievance was settled between the Union and Ford Motor on September 21, 2005. In support of its pending summary judgment motion, Ford Motor proffered a letter of October 3, 2005 from Charlie Johnson, Chairman of Local No. 387, who informed Waller of the settlement agreement between the Union and Ford Motor. When she attempted to file an appeal of the settlement in February 2006, the Union sent a letter on February 27, 2006 to Waller who was advised that her appeal was untimely. Thus, Waller knew, or should have known, of the disposition of her grievance (and that the Union would not seek arbitration) as early as October 2005, or at the very latest in February 2006. Yet, she did not file this lawsuit until December 2007 - well beyond the expiration of the six month limitations period. Nevertheless, Waller appears to argue that her contract claim is not time-barred, pointing out that she filed claims of employment discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission. However, these actions do not toll the limitations period for her labor contract claim. *See Johnson v. Artim Transp. Sys., Inc*.,826 F.2d 538, 550 (7th Cir. 1987). In addition, there is nothing in the record to warrant the application of the doctrine of equitable tolling by the Court. In 1991, the Sixth Circuit Court of Appeals opined, "[t]o successfully raise a claim of equitable tolling, a party must show either fraudulent concealment of the critical facts that would lead one to know that he can sue, or a misrepresentation of those facts - whether made in good faith or not - that was calculated to induce a plaintiff to forego the right to sue." *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991). Significantly, the court in *Jones* also held that "[i]gnorance of the legal process alone" is not a sufficient basis to apply the equitable tolling doctrine. *Id*. Waller has not set forth any legally justifiably reason to toll the limitations period. Moreover, the Court finds that there is nothing in the record to indicate that she

is entitled to equitable tolling. Hence, her claim against Ford Motor for its violation of the collective bargaining agreement is time-barred.

Even if Waller's claim on this issue is not procedurally barred, it is also substantively deficient. The Sixth Circuit Court of Appeals has held that in lawsuits for violation of contracts between an employer and a labor union (i.e., § 301 claims), "to recover against *either* the [employer] *or* the Union, [the plaintiff] must show that the [employer] breached the [collective bargaining agreement] *and* that the Union breached its duty of fair representation." *Bagsby v. Lewis Bros., Inc.*, 820 F.2d 799, 801 (6th Cir. 1987) (citing *Hines v. Anchor Motor Freight Co.*, 424 U.S. 554, 570-71 (1976)) (emphasis in original). Here, Waller has failed to (1) join the Union as a party and (2) assert a breach of the duty of fair representation by the Union, as required by law. In addition, Waller has not pointed to any provision within the collective bargaining agreement which, in her view, has been breached by Ford Motor. Furthermore, she has not provided the Court with any evidence which would even suggest that Ford Motor acted in any manner that was contrary to the spirit or the letter of the collective bargaining agreement. Hence, her breach of contract claim must fail.

V.

Finally, in Waller's response to Ford Motor's dispositive motion, she makes reference to a variety of claims, such as (1) the denial of worker's compensation, (2) a violation of the Fourteenth Amendment to the United States Constitution, (3) the deprivation of her rights under color of state law, and (4) a violation of the Racketeer Influenced and Corrupt Organizations Act. However, inasmuch as these claims do not appear in her complaint, and there is nothing in the record which indicates that she has sought to obtain a leave to amend her complaint, the Court will decline to consider them at this stage in the litigation.

VI.

Accordingly, for the reasons that have been stated above, the Court grants Ford Motor's request for the entry of a summary judgment.

IT IS SO ORDERED.

Dated: November 9, 2009           S/Julian Abele Cook, Jr.
     Detroit, Michigan          JULIAN ABELE COOK, JR.
                                       United States District Court Judge

Certificate of Service

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant:

**Nadine A Waller**
PO Box 3783
Southfield, MI 48037

                                                       s/ Kay Doaks
                                                       Courtroom Deputy Clerk